### GEORGE H. CUNNINGHAM v. WATER–POWER SANDSTONE COMPANY.

November 22, 1898.

Nos. 11,323—(112).

**Service of Summons—Affidavit—District Court Rule 22.**

It is not necessary that the affidavit of service of a summons by a private person should state that the person upon whom the service was made was to affiant known to be the person upon whom service was required to be made. Rule 22 of the district court construed.

**Finding Sustained by Evidence.**

The finding of the trial court, to the effect that the affidavit of no appearance or answer by the defendant was made and filed before the entry of judgment herein, is sustained by the evidence.

**Sale on Execution—No Error in Refusing to Set Aside.**

The trial court did not err in denying the defendant's motion to set aside the sale of its realty on execution, when it had personal property sufficient to satisfy the execution; it not appearing that the plaintiff or the sheriff knew, or ought to have known, of the existence of such personal property.

Appeal by defendant from an order of the district court for Pine county, Crosby, J., denying the petition of defendant to set aside a judgment and execution sale, and to require plaintiff to accept defendant's tender of the amount of the judgment and costs. Affirmed.

· *S. F. White*, for appellant.

*Robert C. Saunders*, for respondent.

START, C. J.

This is an appeal by the defendant from an order denying its motion to set aside the judgment herein and a sale of its real estate by virtue of an execution issued thereon.

1. The summons and complaint were served on the defendant by a private person, and his affidavit of such service is to the effect that at the city of Duluth, on December 14, 1896, he served the summons and complaint on the Water-Power Sandstone Company, a corporation, and the defendant in this action, by handing to and leaving with B. G. Segog, an officer of the defendant, to wit, the vice president, a true and correct copy thereof. On January 6, 1897, the clerk entered a judgment against the defendant by default in favor of the plaintiff for the sum of $107.13, in which it was recited that the summons had been duly served on the defendant, and proof thereof duly filed, and that no answer to the complaint had been served or filed as required by law and the summons.

The defendant claims that the clerk had no authority to enter the judgment, because there was no proof of service of the summons, in that the affidavit did not comply with rule 22 of the district court by stating that "the person upon whom the service was made was to the affiant well known to be the person   *   *   * upon whom such service was directed to be made." A reading of rule 21 shows that rule 22 has no application to proof of the service of a summons, but only to the service of such orders or notices as the court directs to be made on particular persons. Dunnell, Trial Book, 406. If the rule purported to apply to the proof of the service of a summons, it would be invalid to that extent, because inconsistent with the statute. G. S. 1894, § 5208; Young v. Young, 18 Minn. 72 (90). When the case cited arose, rule 30 of the then existing rules of the district court was in force, which expressly provided for the manner of making proof of the service of the summons. See Rules of Practice, 6 Minn. 19. When the district court rules were revised, in 1875, rule 30 was omitted, presumably because it had been held invalid. In the revision of the rules, in 1893, the

present rule as to proof of service of orders and notices was adopted.

It is further objected to the proof of service in this case that the affidavit does not state that the person upon whom service was made was the vice president of the defendant. The affidavit stated positively, in legal effect, that service was made upon an officer of the defendant, namely, the vice president. No claim was made by the defendant in his moving papers that the summons was not so served. The proof was legally sufficient to authorize the entry of the judgment by the clerk.

It is further claimed that the affidavit of no appearance and no answer was made after the entry of the judgment; hence the latter is a nullity. The trial court found, as a fact, that such affidavit was sworn to and filed with the clerk of the court before he entered the judgment. The affidavit was filed on January 6, the day on which the judgment was entered and was made a part of the judgment roll, but in the date of the jurat the figure "5" appears with the figure "7" over it. This is the basis of the claim that the affidavit was not made until January 7, the day after the judgment was entered. The evidence supports the finding of the trial court, and the judgment is valid.

2. An execution was issued on the judgment, and levied on the land of the defendant of the value of $6,000, which was sold at the execution sale to the plaintiff on March 16, 1897, in satisfaction of his judgment and costs, for $140.63. The defendant's last assignment of error is that the court erred in denying its motion to set aside the execution sale of its land, for the reason that when the levy and sale of the same were made it had ample personal property from which to satisfy the execution. An execution sale of realty is not void because the judgment debtor had personal property out of which the execution might have been satisfied, but it may be set aside, and ought to be, in cases where there was ample personal property, within the knowledge of the execution creditor, to satisfy the execution, and the sale of the realty is fraudulent and oppressive. Jakobsen v. Wigen, 52 Minn. 6, 53 N. W. 1016. Such, however, is not this case. The only facts alleged by the defendant as a basis for its motion to set aside the sale are the following:

"Said defendant had, at the time of the issuing of the execution in said cause, ample personal property, many times exceeding in value the amount of said judgment, not exempt from execution, from which the amount thereof might be made; all of which was at Sandstone, in said county of Pine."

The character of the property, whether tangible or intangible, whether it was so situated as to be found by the officer, or whether he or the plaintiff knew, or ought to have known, of its existence, is not stated, nor any fact tending to show that the levy and sale were not made in good faith. The record shows that the defendant knew on May 17 next after the sale that it had been made, but took no steps to have it set aside for more than ten months, when it learned that the time for redemption from the sale had expired. There was no redemption from the sale because of a misunderstanding by the officers of the defendant as to the date of sale. This case is one of considerable hardship for the defendant, but the evidence, as shown by the record, does not justify the conclusion that the trial court abused its discretion in refusing to set the sale aside for the reasons urged. Its decision is amply sustained by the record.

Order affirmed.

CANTY, J.

I concur in the result arrived at in the first division of the foregoing opinion on the ground that jurisdiction to enter the judgment is presumed, that the burden was on defendant to show affirmatively that no summons was ever served on it and it has failed to show it, and even if no affidavit of no answer was ever filed, it is an irregularity which counts for nothing after judgment is entered. It is not claimed that any answer was ever served or attempted to be served. I concur in the rest of the opinion.