(107 N. W. 40.)

---

EZRA MILLER v. W. B. SHELBURN AND JOSEPHINE SHELBURN.

Opinion filed February 19, 1906.

**Vendor and Purchaser — Vendee Acquires No Title to the Land at Law, and May Rescind Without Reconveyance.**

1. Under a written executory contract for the sale of land, the vendee derives in law no interest in the land, or in the title and may rescind the contract in a proper case without a reconveyance.

**Same — Trust Relationships of the Vendor and Vendee.**

2. The principle that the vendor in such contracts holds the title as trustee for the vendee and the vendee holds the purchase price as trustee for the vendor, applies only in equity, under the equitable doctrine that what ought to be done has been done.

**Same — Rescission of Contract.**

3. A rescission of a contract for the sale of land may be effected by act of a party thereto, when the consideration for the contract has wholly or partially failed through the fault of the other party; and in such case a notice that the vendee rescinds and disaffirms the contract is sufficient, where there is nothing to be returned under the same.

**Same — Consideration — Failure to Convey as Ground for Rescission.**

4. The consideration for a contract for the sale of land in vendee's favor is the title to be conveyed after performance; and, in case the vendor refuses to convey after full performance or offer to perform, the consideration for the contract wholly fails, and is ground for rescission by the vendee.

**Same — Recovery of Purchase Money.**

5. ·Where the vendor refuses to ·perform his contract to convey the land after full performance or offer to perform by the vendee and the contract ·has been ·duly rescinded by the latter, the money paid by him to the vendor under the contract may be recovered back in an action at law for money had and received.

**Same — Complaint.**

6. Complaint considered, and *held* not subject to demurrer.

Appeal from District Court, Dickey county; *Kneeshaw, J.*

Action by Ezra Miller against W. B. Shelburn and Josephine Shelburn. Judgment for defendant and plaintiff appeals.

Reversed.

*George T. Webb* and *C. R. Krause,* for appellant.

A contract to convey lands affords an equitable title only upon the purchaser performing all the conditions that entitle him to a deed. Warvelle on Vendors (2d Ed.) 176; Bispham's Equity, 365; Phinizy v. Gurnsey et al., 50 L. R. A. 680; Chappell v. McKnight, 108 Ill. 570.

Where the contract to convey is void—embracing homestead and lacking wife's signature and acknowledgment—vendor's only recovery is to claim his money paid on the purchase. Rev. Codes 3608, 5032; 15 Am. & Eng. Enc. Law (2d Ed.) 681 and 683; Solt v. Anderson, 89 N. W. 306, 93 N. W. 204, 99 N. W. 678; Scott v. Bush, 26 Mich. 418; Larson v. Butts, 35 N. W. 190; Horback v. Tyrrell et al., 67 N. W. 485; Interstate Sav. & Loan Assn. v. Strine, 78 N. W. 377; Gleason v. Spray, 81 Cal. 217; 15 Am. St. Rep. 47; Donner v. Redenbaugh et al., 16 N. W. 127; Cowgell v. Warrington, 24 N. W. 267; Hall v. Loomis, 30 N. W. 374; Weitzner v. Thingstad, 56 N. W. 817; DeKalb v. Kingston, 73 N. W. 350.

Where the vendor defaults in making title, the vendee can recover the purchase money paid. Warvelle on Vendors (2d Ed.) 836 and 919; Kicks ·v. State Bank, 98 N. W. 408, 12 N. D. 576; Moore v. Williams, 115 N. Y. 586; 12 Am. St. Rep. 844; Judson v. Wass, 11 Johns. 525; 6 Am. Dec. 392; Wright v. Dickinson et al., 35 N. W. 165; Scott v. Bush, supra; Cowgell v. Warrington, supra; Donner v. Redenbaugh, supra; Primm v. Wise & Stern, 102 N. W. 427; Gregory v. Christian, 44 N. W. 202; Proctor v. Stevens Land Co., 102 N. W. 395; Payne v. Hackney, 84 Minn.

195, 87 N. W. 608; Goetz v. Walters, 25 N. W. 404; Baston v. Clifford, 68 Ill. 70; Demesncy v. Gravelin, 56 Ill. 96; Smith v. Lamb, 26 Ill. 396.

*Newman, Holt & Frame,* for respondents.

The allegation of homestead is insufficient. The pleading must set out the facts to establish the right. Meyer v. Pfeifer, 50 Ill. 485; Over v. Shannon, 75 Ind. 352; Helfenstein v. Cave, 6 Iowa, 374; Union National Bank v. Harrison, 21 N. W. 446.

Respondents were in possession when the contract was made and appellant is presumed to know of their homestead rights, and having paid money under a mistake of law, he cannot recover it. Keener Quasi Contracts, 85; 2 Pom. Eq. Jur. 851; Billie v. Lumley, 2 East. 469; Clark v. Dutcher, 9 Cow. 679.

An action for damages will not lie until the contract is rescinded. Brumagim et al. v. Tillinghast, 18 Cal. 265; Harralson v. Barret et al., 34 Pac. 342; Erkens v. Nicolin, 40 N. W. 567; Valley Ry. Co. v. Lake Erie Iron Co., 18 N. E. 486; Mutual Sav. Inst v. Euslin, 46 Mo. 200; Wessel v. D. S. B. Johnston Co., 3 N. D. 160, 54 N W. 922.

The equitable estate in the land conveyed by the contract may be  disposed of by the vendee and it may descend to his heirs. Pom. Eq. Jur., section 105; Clapp v. Tower et al., 11 N. D. 556, 93 N. W. 862.

There is no allegation of the restoration or offer to restore the equitable estate passing under the contract, and without its surrender there can be no rescission of the contract. Telford v. Frost, 44 N. W. 835; Kneeland v. Schmidt, 47 N. W. 438; O'Donnel v. Brand, 55 N. W. 154.

MORGAN, C. J.   Action for the recovery of $1,400, as money had and received under a written contract for the sale of real estate duly rescinded by the vendee. The complaint alleges the making of the contract between the defendants, husband and wife, as vendors and owners of the land, and the plaintiff as vendee; that said land consisted of 320 acres, and that the defendants were then in the possession of the same and that "they were living thereon and occupying one-half thereof as their homestead;" that defendants agreed to convey the land by warranty deed, clear of all incumbrances, on November 1, 1903, upon payment to them of $3,600, in addition to the $1,400 paid in cash to them when the contract was entered into; that on November 1, 1903, the plaintiff

complied with all the terms of the contract on his part to be performed, by tendering to the defendants the sum of $3,600, in full compliance with the terms of the contract at the place where the contract provided that such payment should be made and there demanded that the defendants should deliver to him their warranty deed for said land, clear of all incumbrances, in pursuance of the provisions of the contract; that defendants failed to comply with said demand but tendered to him a deed of said land which was not clear of incumbrances, but there were tax liens, judgments and mortgages against said land aggregating the sum of $4,000, on account of which the title to said land was not a good title nor such a title as defendants had agreed in the contract to convey; that in December, 1903, the plaintiff notified the defendants that he rejected said deed and abstract, and at the same time notified them of the defects in said title, and "informed and notified them that he rescinded, abrogated and disaffirmed said agreement to purchase the said real property, and at the same time demanded of the defendants the payment of said sum of $1,400 so by him paid them as aforesaid, but that they have not paid the same.' The complaint also contained the following paragraph: "That said agreement of the defendants to so sell and convey said real property was not so executed, and was not acknowledged by the defendants so as to entitle the same to be recorded, and it was not recorded. * * * And the defendant then and ever since retained full and exclusive possession of the said real property and each and every part thereof and have at all times since had the full uses, issues, profits and benefits thereof and of the whole thereof. And that the plaintiff had no right to possession of the said real property under the said agreement, nor has he ever had possession of the same or any part thereof, nor has he ever received anything of value whatsoever of the defendants under or on account of the said agreement." The defendants demurred to the complaint for the alleged reason that it appeared upon the face thereof that it does not state facts sufficient to constitute a cause of action, and the demurrer was sustained. Plaintiff appeals from the order sustaining the same.

The particulars in which it is claimed that the complaint is insufficient are the following: (1) That the allegations that the land was the defendant's homestead are conclusions of law merely, and not statements of the facts that would constitute the land a home-

stead; (2) that the facts pleaded in the complaint do not show that there was a full rescission of the contract; (3) that the complaint shows that the $1,400 was paid under a mistake of fact.

The main reliance of the respondents in support of the demurrer is that there was no rescission of the contract. It is contended that the plaintiff became vested with an equitable interest or ownership in the land upon the execution of the contract, and that there could be no complete rescission until he had conveyed such interest back to the defendants. Equity does so regard the effect of such contracts. Under certain circumstances the vendor becomes the trustee of the title for the benefit of the vendee and the vendee becomes the trustee of the purchase money for the benefit of the vendor. But this doctrine applies only in equity. Speaking of the effect of such contracts in law, it is said in Pomeroy on Equity Jurisprudence, section 367: "It is wholly in every particular executory, and produces no effect upon the respective estates and titles of the parties and creates no interest in nor lien or charge upon the land itself. The vendor remains to all intents, the owner of the land; he can convey it to a third person free from any legal claim or incumbrance; * * * In short, the vendee obtains at law no real property nor interest in real property. The relations between the two contracting parties are wholly personal." See, also, Davis v. Williams, 130 Ala. 530, 30 South. 488, 54 L. R. A. 749, 89 Am. St. Rep. 55; Chappell v. McKnight, 108 Ill. 570; Warvelle on Vendors (2d Ed.) section 176.

It follows from these principles that the plaintiff obtained nothing under the contract and that there was nothing to restore as a condition precedent to the right to rescind. Section 3932, Rev. Codes 1899, permits a party to a contract to rescind by his own act under certain conditions therein enumerated. The facts pleaded bring the case within one of those conditions. The consideration for the contract in plaintiff's favor was the right to the land by warranty deed, clear of incumbrances, upon the fulfillment of the terms of the contract on his part. Dahl v. Stakke, 12 N. D. 325, 96 N. W. 353. This consideration wholly failed by defendant's failure or inability to convey the land by such a deed. The right to rescind followed such refusal after plaintiff had tendered full and complete performance. Thereafter defendant retained the $1,400 as money had and received under the contract, which he should in equity and good conscience restore. Under such a state

of facts, the authorities are unanimous that the money paid on the contract may be recovered back as money had and received when the vendor refuses or fails to convey in accordance with the terms of the contract. Kicks v. State Bank of Lisbon, 12 N. D. 576, 98 N. W. 408; Bank of Columbia v. Hagner, 1 Pet. 455, 7 L. Ed. 219; Payne v. Hackney, 84 Minn. 195, 87 N. W. 608; Primm v. Wise et al. (Iowa) 102 N. W. 427; Martin v. Roberts (Iowa) 102 N. W. 1126; Wright v. Dickinson (Mich.) 35 N. W. 165, 11 Am. St. Rep. 602; Moore v. Williams, 115 N. Y. 586, 22 N. E. 233, 5 L. R. A. 654, 12 Am. St. Rep. 844; School District v. Hayne (Wis.) 1 N. W. 170.

Objection is made that the fact of rescission is not pleaded except as a conclusion. The fact of the breach of the contract is set forth and the refusal to convey by a deed free from incumbrances. The tender of full performance by the plaintiff is set forth as well as the failure of the defendant to return the money paid. Then follows the allegation that plaintiff rescinded and disaffirmed the contract. This notified the defendant in express words that plaintiff had terminated and put an end to the contract; and in a case like the one under consideration, nothing further was necessary, or could be done. The complaint is not framed on the theory that the contract was void. The allegation that part of the land constituted defendants' homestead, which defendants complain of as insufficient, was not inserted to sustain a cause of action for recovery of money paid on a void contract, but to negative the possible claim that the doctrine of equitable conversion was applicable. The gist of the cause of action is the failure to perform the contract and the refusal to pay back the money received under the contract. It is not, therefore, material to determine the sufficiency of the allegation that the premises or a part of them were defendant's homestead. The cause of action was well stated without such allegation. The complaint negatives the claim that the money was paid under a mistake of law. It expressly states that it was paid in reliance on the contract and that plaintiff was at all times ready and willing to perform his obligations thereunder. The tender was made in affirmance of the contract by the plaintiff. The claim that the money was paid under a mistake of law is not, therefore, inferentially in the case and need not further be noticed or the validity of the contention considered or decided.

The order is reversed and the cause remanded for further proceedings.   All concur.