## CUMMINGS v. DUNCAN.

(134 N. W. 712.)

**Judgment — lien — on equitable estate or interest.**

Section 7082, Rev. Codes 1905, which provides that a judgment when docketed "shall be a lien on all the real property, except the homestead, in the county where the same is so docketed of every person against whom any such judgment shall be rendered, which he may have at the time of the docketing thereof in the county in which such real property is situated," etc., construed, and *held*, that the docketing of a judgment creates no lien on the mere equitable estate or interest of the judgment debtor in real property.

Opinion filed January 25, 1912.

Note.—While at common law and under the law as it now exists in many states a judgment does not become a lien upon an equitable title or interest in real estate, the rule in a number of jurisdictions is that the lien of a judgment attaches to the equitable as well as the legal estate of the judgment debtor. Notes in 117 Am. St. Rep. 780 and 93 Am. Dec. 348. But in some cases it has been held, as in CUMMINGS v. DUNCAN, that some steps other than the mere docketing of the judgment must be taken in order to subject an equitable interest to the lien of a judgment. Cook v. Dillon, 9 Iowa, 407, 74 Am. Dec. 354; Baldwin v. Thompson, 15 Iowa, 508.

Appeal from District Court, Steele county; *Chas. A. Pollock,* J.

From an order sustaining a demurrer to the answer, defendant appeals.

Affirmed.

*Buttz & Sinness,* for appellant.

*W. J. Courtney,* for respondent.

FISK, J. This is an action to quiet title to a quarter section of real property in Steele county, as against a certain judgment held by defendant against one Henry J. Torkelson and claimed by the former to be a valid lien on such property. At the time such judgment was docketed and a transcript thereof filed in Steele county, Torkelson held an assignment of a certain executory contract for the sale and purchase of such premises theretofore entered into between the Dwight Farm and Land Company and one Amund Berg, by the terms of which the Land Company agreed to sell and Berg agreed to purchase such property. Subsequently Torkelson assigned his rights under such contract to one Taisey, who later and before the commencement of this action sold and assigned his interest to plaintiff. The above facts are substantially set forth in the answer, and defendant prays that such judgment be adjudged to be a lien on said land superior to plaintiff's rights therein. Plaintiff demurred to such answer on the ground that it fails to allege facts sufficient to constitute a defense, which demurrer was sustained in the court below and defendant electing to stand on his answer, judgment was entered in plaintiff's favor. The appeal is from the order sustaining the demurrer. While perhaps not very material, it is proper to state that such answer nowhere alleges that any payments were ever made under such contract for deed by either Torkelson or his assignor, Berg, nor that either of them ever performed any of the stipulations in such contract to be kept and performed by the vendee thereunder. Neither does such answer allege any fact showing or tending to show that the land company surrendered possession of such land to its vendee, Berg, or that such contract entitled him or his assignee or successor in interest to the possession prior to full payment of the purchase price. Nor does the answer disclose that such contract was ever recorded.

The sole question presented for our determination on this appeal

is whether, under these facts, the docketing of defendant's judgment created a lien in his favor on such land to the extent of Torkelson's interest therein. If so, then we understand it to be in effect conceded that plaintiff took whatever interest he subsequently acquired subject to such judgment lien. It must be conceded at the outset that Torkelson's interest in the land prior to full performance of the contract, and no such performance is alleged, was at the most a mere equitable estate, even though he was entitled to the possession. It has repeatedly been so held by this court, and appellant moreover does not question that such is the fact. His contention, in brief, is that the mere docketing of a judgment creates a lien on the equitable estate of the judgment debtor within the county under § 7082, Rev. Codes 1905. This statute, in substance, provides that a judgment directing the payment of money when docketed "shall be a lien on all the real property, except the homestead, in the county where the same is docketed, of every person against whom any such judgment shall be rendered." Appellant's contention, if sound, necessitates a holding therefore that at the date this judgment was docketed or subsequent thereto this land was the real property of the judgment debtor, Torkelson. Numerous authorities are cited by appellant's counsel in support of their contention, but we find none of them in point under a statute like ours. Among others they cite Woodward v. McCollum, 16 N. D. 42, 111 N. W. 623; Wadge v. Kittleson, 12 N. D. 452, 97 N. W. 856; Clapp v. Tower, 11 N. D. 556, 93 N. W. 862, and Salzer Lumber Co. v. Claflin, 16 N. D. 601, 113 N. W. 1036. But these cases merely announce the equitable relationship to the realty of the vendor and vendee under such contracts, and they furnish no light on the question here involved. This is clearly apparent from the opinions in those cases. In Miller v. Shelburn, 15 N. D. 182, 107 N. W. 51, this court clearly distinguishes the equitable from the legal relationship of the parties to such contracts, in the following language:

"The main reliance of the respondents in support of the demurrer is that there was no rescission of the contract. It is contended that the plaintiff became vested with an equitable interest or ownership in the land upon the execution of the contract, and that there could be no complete rescission until he had conveyed such interest back to the defendants. Equity does so regard the effect of such contracts. Under certain circumstances the vendor becomes the trustee of the title for the

benefit of the vendee, and the vendee becomes the trustee of the purchase money for the benefit of the vendor. But this doctrine applies only in equity. Speaking of the effect of such contracts in law, it is said in Pomeroy on Equity Jurisprudence, § 367: 'It is wholly in every particular executory, and produces no effect upon the respective estates and titles of the parties, and creates no interest in nor lien or charge upon the land itself. The vendor remains to all intents the owner of the land; he can convey it to a third person free from any legal claim or encumbrance; . . . In short, the vendee obtains at law no real property nor interest in real property. The relations between the two contracting parties are wholly personal.' See also Davis v. Williams, 130 Ala. 530, 54 L.R.A. 749, 89 Am. St. Rep. 55, 30 So. 488; Chappell v. McKnight, 108 Ill. 570; Warvelle, Vend. & P. (2d ed.) § 176."

Counsel assert that the supreme court of our sister state, South Dakota, in Brooke v. Eastman, 17 S. D. 339, 96 N. W. 699, squarely held in support of their contention, but in this they are clearly mistaken. That case merely announces the unquestioned rule that equitable interests or estates in property may be reached under execution and subjected to the payment of a judgment through a judicial sale, and such is the effect of the holdings in the other cases cited, with the exception of those decided in jurisdictions having statutes differing from the statute in this state. It would serve no good purpose to review the authorities in detail, and we shall not do so. Suffice it to say that we deem it entirely clear that the defendant, by the mere docketing of the judgment, acquired no lien on Torkelson's equitable interest in such real estate. If he desired to reach such equitable interest he should have levied thereon under an execution. Section 7082, Rev. Codes, above mentioned, has no application to mere equitable interests in real property, but it confers and was intended to confer a lien only on the legal title held by the judgment debtor.

In addition to the case of Miller v. Shelburn, supra, see in support of our views, 17 Am. & Eng. Enc. Law, 778, 23 Cyc. 1370, and cases cited in note 17; Nessler v. Neher, 18 Neb. 649, 26 N. W. 471, and cases cited; Davis v. Williams, 130 Ala. 530, 54 L.R.A. 749, 89 Am. St. Rep. 55, 30 So. 488; Smith v. Ingles, 2 Or. 43; Bloomfield v. Humason, 11 Or. 229, 4 Pac. 332. The Oregon statute relating to the

lien of judgments is substantially, if not literally, the same as § 7082, supra; and in Smith v. Ingles the Oregon court, among other things, said: "The statute . . . provides in substance 'that a judgment shall be a lien on real property of the judgment debtor, not exempt from execution, owned by him in the county at the time of docketing the judgment; or that which he may afterwards acquire. The statute intended to make a judgment a lien on the legal title of real property, and not on some hidden equitable title, which could only be brought to light and made available by the extraordinary powers and proceedings of a court of equity."

The order appealed from is accordingly affirmed.