# A. P. SIMONSON v. CARL F. WENZEL, Maria Wenzel, and M. C. Krupp, and the Dakota Development Company, a Corporation.

### (147 N. W. 804.)

W. who held an unrecorded executory contract for the purchase from D. of certain real property, under which ·he was in possession, executed and delivered to plaintiff a mortgage thereon, which was recorded. Subsequently W. assigned his interest under such contract to K. for a valuable consideration, who in good faith paid the consideration, including the amount due to D., the vendor, under such executory contract, and procured a deed from such vendor without actual knowledge of the existence of such mortgage. In an action by W. to foreclose his mortgage. *Held:*

**Mortgage — equitable interest.**

1. That W. had a mortgageable interest in the property.

**Conveyance — recording act.**

2. That the mortgage of his equitable interest to plaintiff constituted a "conveyance" within the meaning of our recording act.

**Mortgage — record of — constructive notice — contract for deed — assignment.**

3. That the record of such mortgage operated as constructive notice to K., who, with actual knowledge of W.'s equities, purchased an assignment of his contract for deed.

**Equitable interest — recognized and protected.**

4. That to the extent of the amount paid by K. to D., with interest, he has an equity superior to plaintiff's claim, which should be recognized and protected by the decree.

Opinion filed June 5, 1914.

Appeal from District Court, McHenry County, *A. G. Burr*, J.

From a judgment in plaintiff's favor, defendant M. C. Krupp appeals.

Affirmed as modified.

*Christianson & Weber (Edward Eugerud*, of counsel), for appellants.

The term "conveyance" embraces every instrument in writing by which any estate or interest in real property is created, alienated, mortgaged, or encumbered, or affected, except wills and powers of attorney. Rev. Codes 1905, §§ 5038, 5039.

The interest of a vendee under an unperformed executory contract does not constitute real property of such vendee. Miller v. Shelburn, 15 N. D. 182, 107 N. W. 51; Cummings v. Duncan, 22 N. D. 534, 134 N. W. 712.

Equity will not regard a thing as done which is not done, when it would injure third parties who have sustained detriment and acquired rights by the things that have been done. Casey v. Cavaroc, 96 U. S. 467, 24 L. ed. 779.

This is a mere equitable fiction, and does not in reality create an interest or estate in the land in the vendee. Chappell v. McKnight, 108 Ill. 570; Warvelle, Vend. & P. p. 187, § 2; Sutherland v. Parkins, 75 Ill. 338; Smith v. Jones, 21 Utah, 270, 60 Pac. 1104; Miller v. Shelburn, 15 N. D. 186, 107 N. W. 51.

Under such a contract the vendor remains the owner of the land to all intents. The relation is personal. Davis v. Williams, 130 Ala. 530, 54 L.R.A. 751, 89 Am. St. Rep. 55, 30 So. 488; Smith v. Jones, 21 Utah, 270, 60 Pac. 1104; Bradwell v. Bank of Bainbridge, 103 Ga. 242, 29 S. E. 756; Chappel v. McKnight, 108 Ill. 570.

The words "real property" are coextensive with "lands, tenements, and hereditaments." Rev. Codes, §§ 4736, Subdiv. 2, 4738, 6721.

The practice of recording instruments is purely a statutory creation, and the constructive notice provided for thereby exists only to the extent which the statute declares. The recording of an instrument not required or entitled to be recorded has no effect, either on the instrument or the parties. Mesick v. Sunderland, 6 Cal. 297; Lewis v. Barnhart, 145 U. S. 56, 36 L. ed. 621, 12 Sup. Ct. Rep. 772; Burck v. Taylor, 152 U. S. 634, 38 L. ed. 578, 14 Sup. Ct. Rep. 696; Lynch v. Murphy, 161 U. S. 247, 40 L. ed. 688, 16 Sup. Ct. Rep. 523; Ludlow v. Van Ness, 8 Bosw. 178; LeNoir v. Valley River Min. Co. 113 N. C. 513, 18 S. E. 73; Bassinger v. Spangler, 9 Colo. 175, 10 Pac. 809; Rev. Codes, § 5042; Payne v. Markle, 89 Ill. 69.

Any instrument executed by one not having a record title would be out of the chain of title, and not binding on anyone. Garber v. Gianella, 98 Cal. 527, 33 Pac. 458; Doran v. Dazey, 5 N. D. 167, 57 Am. St. Rep. 550, 64 N. W. 1023; Rev. Codes, § 5042.

A purchaser is not required to look one day or one page beyond that which shows the title of his grantor. Ford v. Unity Church Soc. 120

Mo. 498, 23 L.R.A. 561, 41 Am. St. Rep. 711, 25 S. W. 394; Connecticut v. Bradish, 14 Mass. 296; Corbin v. Sullivan, 47 Ind. 356; Odle v. Odle, 73 Mo. 289; Hibbs v. Union Cent. L. Ins. Co. 40 Ohio St. 543; Sands v. Beardsley, 32 W. Va. 594, 9 S. E. 925; Bingham v. Kirkland, 34 N. J. Eq. 229; Farmers' Loan & T. Co. v. Maltby, 8 Paige, 361; Calder v. Chapman, 52 Pa. 359, 91 Am. Dec. 163; Bright v. Buckman, 39 Fed. 243; Donovan v. Twist, 105 App. Div. 171, 93 N. Y. Supp. 990; Losey v. Simpson, 11 N. J. Eq. 246.

The record of a mortgage before the records disclose title in the mortgagor is not constructive notice to a second grantee. 2 Devlin, Deeds, 3d ed., p. 1330, 1331, § 724; Farmers' Loan & T. Co. v. Maltby, 8 Paige, 361; Losey v. Simpson, 11 N. J. Eq. 246; Calder v. Chapman, 52 Pa. 359, 91 Am. Dec. 163; Page v. Waring, 76 N. Y. 463; Buckingham v. Hanna, 2 Ohio St. 551; Doswell v. Buchanan, 3 Leigh, 365, 23 Am. Dec. 280; Hetzel v. Barber, 69 N. Y. 1; Schoch v. Birdsall, 48 Minn. 441, 51 N. W. 382; Turman v. Sanford, 69 Ark. 95, 61 S. W. 167; Sarles v. McGee, 1 N. D. 365, 26 Am. St. Rep. 633, 48 N. W. 231; Union Nat. Bank v. Moline M. & S. Co. 7 N. D. 201, 73 N. W. 527; Rev. Codes N. D. § 5042.

The stipulation contained in the contract against such assignment or hypothecation was a valid, integral part of the contract itself. Mueller v. Northwestern University, 195 Ill. 236, 88 Am. St. Rep. 194, 63 N. E. 110; Barringer v. Bes Line Constr. Co. 23 Okla. 131, 21 L.R.A. (N.S.) 597, 99 Pac. 775; Zetterlund v. Texas Land & Cattle Co. 55 Neb. 355, 75 N. W. 860.

The holder of a junior equity by acquiring the legal title before he has notice of a prior equity obtains the superior right. Carlisle v. Jumper, 81 Ky. 282; Newton v. McLean, 41 Barb. 285; Rexford v. Rexford, 7 Lans. 6; Carroll v. Johnston, 55 N. C. (2 Jones, Eq.) 120; Hoult v. Donahue, 21 W. Va. 294; Fitzsimmons v. Ogden, 7 Cranch. 2, 23 L. ed. 249; Simmons v. Ogle, 105 U. S. 271, 26 L. ed. 1087.

*C. W. Hookway* and *D. J. O'Connell,* for respondent.

Any interest in property, which is capable of being transferred or conveyed, may be mortgaged. Rev. Codes 1905, § 6154.

A mortgage may be created upon property held adversely to the mortgagor. Rev. Codes 1905, § 6158; 27 Cyc. 1139, and cases cited.

In such cases one who attempts to buy the legal title from the owner

is charged with constructive notice. Alden v. Carver, 32 Ill. 32; Crane v. Turner, 7 Hun, 357; Balen v. Mercier, 75 Mich. 42, 42 N. W. 666.

Fisk, J. This is an appeal from a judgment of the district court of McHenry county, decreeing the foreclosure of a real-estate mortgage in plaintiff's favor. The appeal is upon the judgment roll proper, appellants' contention being that the conclusions of the trial court are not warranted by the findings of fact.

Such findings of fact are in substance as follows:

1. That on and prior to March 20, 1906, the defendant, Dakota Development Company, was the owner in fee of the real estate in controversy as disclosed by the public records in the office of the register of deeds. On such date this company entered into an executory contract with defendant Carl F. Wenzel, in the usual form, whereby, for a stated consideration of $100, $35 of which was paid in cash and the balance to be paid in equal instalments on March 20, 1907, and March 30, 1908, with interest, it promised and agreed to sell and convey such premises to the said Wenzel, such contract obligating the purchaser to pay all taxes and assessments levied, assessed, or imposed upon the premises in each year, and also contained a stipulation that "no assignment or transfer of any interest in and to this agreement or the lands described, less than the whole thereof, will be recognized by said vendor under any circumstances or in any event whatever, and no assignment shall be binding upon the vendor unless approved by its president." It also contained a stipulation "that time is to be the very essence of this agreement." Such contract also contained other stipulations relative to the vendor's right to declare a forfeiture in case the vendee failed in any respect to comply with his part of the contract, but we deem it unnecessary to set such provisions out in extenso.

2. Defendant Wenzel entered into the possession of the premises, and constructed a dwelling house thereon, which he and his family occupied as their homestead until about January 20, 1908, when he sold and assigned such contract to defendant M. C. Krupp.

3. On April 17, 1907, Wenzel and wife, for a valuable consideration, executed and delivered to plaintiff their promissory note for the sum

27 N. D.—41.

of $914.70, payable on November 1st thereafter, with interest at the rate of 8 per cent per annum; and to secure the payment thereof they executed and delivered to plaintiff a mortgage on the land in controversy, which was filed in the office of the register of deeds of McHenry county on April 18, 1907, and recorded in book 31 of mortgages, at page 516.

4. That such note and mortgage have not been paid, and plaintiff is the present owner and holder thereof.

5. That Carl. F. Wenzel paid to the Dakota Development Company the sum of $35 at the time of the execution of the contract for deed, but made default in the payment due March 20, 1907, and the same was not paid until after the assignment of such contract to defendant Krupp, as hereinafter set forth. That such contract for deed was at no time recorded or filed for record in the office of the register of deeds of McHenry county, and the record title of the premises at all times up to January 29, 1908, remained in the Dakota Development Company.

6. On or about January 20, 1908, Wenzel, while in possession of said land as his homestead, entered into negotiations with defendant Krupp for the sale to him of the contract for deed aforesaid, and the premises therein described, upon the terms that such contract was to be assigned to Krupp, who was to receive a warranty deed of the premises direct from the Development Company. Wenzel and wife thereupon assigned their interest in such contract to Krupp, and the latter paid to the Development Company the amount then remaining due upon said contract ($65 and interest), and Krupp also paid to Wenzel the agreed consideration of $1,000 less the payment aforesaid to the Development Company, and the Development Company did not, nor did its president or any one of its authorized officials, have any knowledge or actual notice of the execution or delivery of the mortgage to the plaintiff aforesaid.

7. That defendant Krupp purchased Wenzel's interest in such contract in good faith, and without any actual notice or knowledge of the existence of plaintiff's mortgage, and he had no intent to cheat or defraud the plaintiff, but acted in absolute good faith in the making of said purchase, and purchased and paid for the same in utter ignorance of the plaintiff's mortgage, but he knew that Wenzel and family

were living on and occupying said premises, but had no notice or knowledge of such mortgage other than that imparted by the record thereof.

8. On January 24, 1908, the Development Company duly executed and delivered to Krupp a warranty deed in the usual form, conveying the premises to him, which deed contained the usual covenants, and which was duly filed for record on January 29, 1908.

9. The trial court also found that the defendant Wenzel was on March 3, 1910, adjudged a bankrupt in the Federal court, and on June 22, 1910, that court, in due form, discharged him from all debts and provable claims, the notes held by plaintiff being scheduled in such bankruptcy court.

Upon such findings of fact the district court made conclusions of law favorable to plaintiff, adjudging a foreclosure of his mortgage.

Among other conclusions, the trial court found that at the time of the execution of the mortgage by Wenzel he had a mortgagable interest in and to the said premises by virtue of the contract for deed, and that the recording of such mortgage was due and legal notice to all the world of the rights of the plaintiff as mortgagee, and that defendant Krupp therefore had constructive notice of such mortgage at the time he purchased the assignment of the contract for deed to the said premises, and the conveyance of the premises to him by the Development Company was subject to the lien of plaintiff's mortgage.

From the above it is apparent that the crucial question for decision is whether appellant Krupp, who, as the trial court found, in good faith and for value purchased an assignment of the Wenzel contract and a deed of the premises from its codefendant, the Development Company, without any actual knowledge of the plaintiff's mortgage, was, nevertheless affected with constructive notice thereof so as to confer upon plaintiff a lien under his mortgage superior and paramount to the rights of such defendant. In answering this question we must bear in mind the fact, as found by the trial court, that the contract for deed executed and delivered by the Development Company to Wenzel was not entitled to record, nor was the same disclosed in any way by the public records, and, as far as such records disclosed, Wenzel had no interest whatever in the property in controversy, but the same stood in the name of and was owned exclusively by the Development Company.

It is no doubt true that Wenzel, by such executory contract of purchase which gave him possession, acquired an equitable interest in such property which he might sell or mortgage (Cummings v. Duncan, 22 N. D. 534, 134 N. W. 712); and it is likewise no doubt true that his possession under the contract operated to convey notice to the world of his equities thereunder. But Wenzel's interest under such contract was cognizable merely in equity, not in law. Miller v. Shelburn, 15 N. D. 182, 107 N. W. 51; Cummings v. Duncan, supra. His possession under such executory contract operated, no doubt, as notice to the world of his equities thereunder. It is, however, quite a different proposition to say that such possession constituted notice of the rights of persons claiming to hold as assignees, vendees, or mortgagees of such equitable interest.

Was appellant Krupp, under the facts, charged with constructive notice of plaintiff's mortgage? As stated by appellant's counsel this suggests two main inquiries.

First, was the mortgage a conveyance within the meaning of the recording laws? Second, was it a conveyance in the chain of title?

Plaintiff's right to recover depends upon an affirmative answer to both of these questions. Counsel for appellant assert, with apparent confidence in the correctness of their position, that both of such questions must receive a negative answer, and they have presented a very able and ingenious argument in support of their contention. They apparently concede that under the general statutory rule in other states, either in express terms or by judicial construction, the record of an instrument conveying or encumbering a mere equitable estate or interest, as well as a legal estate or interest, operates to give constructive notice thereof; but they seek to differentiate our recording act from the statutes of other states, and contend for a construction eliminating from its operation mere equitable interests or liens. As suggested by them, it is undoubtedly true that the doctrine of constructive notice by recording instruments is of purely statutory creation, and that the recording of an instrument not within the statute does not impart constructive notice thereof. This, of course, is elementary. 2 Devlin, Deeds, § 646, and cases cited.

The recording acts of this state are embraced in §§ 5038, 5039, and 5042.

Sec. 5038 reads in part as follows: "Every conveyance by deed, mortgage, or otherwise, of real estate within this state, shall be recorded in the office of the register of deeds of the county where such real estate is situated, and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate, or any part or portion thereof, whose conveyance, whether in the form of a warranty deed, or deed of bargain and sale, deed of quitclaim and release, of the form in common use, or otherwise, is first duly recorded."

Sec. 5039 defines the term "conveyance" as used in the last section as embracing "every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged, or encumbered, or by which the title to any real property may be affected, except wills and powers of attorney."

Sec. 5042 provides: "An unrecorded instrument is valid as between the parties thereto and those who have notice thereof; but knowledge of the record of an instrument out of the chain of title does not constitute such notice."

The first clause of the section last quoted constituted the entire section as originally enacted, but in 1899 the legislature, by chapter 167, Laws of 1899, added thereto the latter clause, which, no doubt, as. counsel state, was for the purpose of changing the rule announced by this court in Doran v. Dazey, 5 N. D. 167, 57 Am. St. Rep. 550, 64 N. W. 1023. In that case it was held that *actual knowledge of the record* of an instrument out of the chain of title was constructive notice of the original instrument and of the rights of the parties under it, and by such amendment the rule was changed so that now mere knowledge of the record of an instrument out of the chain of title does not constitute notice thereof.

Our first inquiry, therefore, is whether plaintiff's mortgage, which covered Wenzel's equitable interest under his executory contract to purchase the real property in question, is such an instrument as was entitled to be recorded. In other words, was such mortgage a "conveyance" within the meaning of the recording laws aforesaid? The able counsel for appellant argue that it was not, their line of reasoning being that the executory contract for the purchase of the property by Wenzel, and under which he took possession of the property, gave him no

*estate* or *interest* in the property, but merely a chose in action. They criticize and attempt to differentiate the holding of the Michigan court in Balen v. Mercier, 75 Mich. 42, 42 N. W. 666, wherein it was held that the vendee under such an executory contract acquired an interest in the land which could be sold, assigned, or mortgaged; and counsel assert that this court in the cases of Miller v. Shelburn, 15 N. D. 182, 107 N. W. 51, and Cummings v. Duncan, 22 N. D. 534, 134 N. W. 712, expressly held contrary to the Michigan holding in the above case. Counsel are in error in this respect. In Miller v. Shelburn, it is true, it was held that *at law* such an executory contract "produces no effect upon the respective estates and titles of the parties, and creates no interest in nor lien or charge upon the land itself. The vendor remains to all intents the owner of the land; he can convey it to a third person free from any legal claim or encumbrance; . . . in short, the vendee obtains at law no real property nor interest in real property." But the court expressly recognized the universal rule that in equity such contracts are regarded as transferring to the vendee in possession an equitable estate or interest which he may sell, assign, or mortgage, as stated by the Michigan court, and in Cummings v. Duncan, such equitable rule was also recognized. We there expressly held that the vendee's equitable interest in the real property under such a contract could be levied upon and sold under execution. Surely, if this be true, and there can be no doubt upon this proposition, then such vendee had an estate or interest in the land which he could sell, assign, or mortgage, and such is, as we understand it, the universal holdings of the courts.

In support of the correctness of our views we will content ourselves by citing 27 Cyc. 1037, and cases cited, from which we quote: "The purchaser under an executory contract for the sale of land, or a bond for title, being in possession and having partly performed his part of the contract, although the legal title remains in the vendor, has an interest in the premises which he may mortgage to a third person." The fact that in the technical legal sense no estate or interest in the real property is conveyed to the vendee under such a contract is not controlling. Wenzel clearly had a mortgagable interest in the real property under all the authorities. 27 Cyc. 1037 and 1139 and cases cited. Houghton v. Allen, 2 Cal. Unrep. 780, 14 Pac. 641; Jones v.

Lapham, 15 Kan. 540; Laughlin v. Braley, 25 Kan. 147; Crane v. Turner, 67 N. Y. 437; Smith v. Patton, 12 W. Va. 541; Muehlberger v. Schilling, 19 N. Y. S. R. 1, 3 N. Y. Supp. 705; Scott v. Farnam, 55 Wash. 336, 104 Pac. 639; Heard v. Heard, — Ala. —, 61 So. 343; 1 Jones, Mortg. § 136.

Do our recording laws include such a mortgage? We are entirely satisfied that this question must also receive an affirmative answer. The contention of appellant's counsel to the contrary is, we think, based upon an unwarranted and erroneous construction of our statute. We are unable to distinguish our law from the Michigan law and the corresponding statutes in most states. The fact that the Michigan statute in defining the word "conveyance," as used in its recording law, in addition to the language in § 5039 of our code adds the words "in law or equity," does not make their statute broader than ours. We think the statute would convey the same meaning without these words, and they were evidently inserted through a superabundance of precaution. Furthermore, the language in the first portion of the section, " the term conveyance . . . shall be construed to embrace every instrument . . . by which *any estate or interest* in real property is created, aliened, mortgaged, or assigned," clearly was intended to cover a mortgage of an equitable title. In support of our views see Clark v. Lyster, 84 C. C. A. 27, 155 Fed. 513; 27 Cyc. 1157, and cases cited in note 28 on page 1158; also 1 Jones, Mortg. § 476.

Having reached the conclusion that plaintiff's mortgage was entitled to record under our recording acts aforesaid, it only remains for us to determine whether the record thereof imparted constructive notice to defendant Krupp at the time he purchased an assignment of Wenzel's contract and procured the deed from Wenzel's grantor, the Dakota Development Company. In considering this question it is important to bear in mind the fact that Krupp knew that Wenzel was in possession of the premises, asserting equitable ownership under the contract of purchase, and that he expressly recognized Wenzel's contract rights by purchasing from him an assignment thereof.

In the light of these facts, can Krupp successfully urge that Wenzel's mortgage to plaintiff was out of the chain of title, and hence, under § 5042, Rev. Codes, the record of such mortgage did not constitute notice thereof to him? We think not. The basic fallacy in appellant's

argument, as we now view it, consists in the unwarranted assumption that such mortgage, as to him, was out of the chain of title. The reverse is true. He dealt with Wenzel, and therefore was bound in law to know, and in fact did know, that he was the equitable owner of the premises, and that his equitable title came from the Dakota Development Company through such contract. He was also bound in law to know, therefore, that Wenzel had a mortgagable interest in the premises, and that he might have sold, assigned, or mortgaged such interest, and the conveyance in either form would have been entitled to record. As to Krupp, therefore, the chain of title did not stop with the Development Company, but the last link in such chain was in Wenzel. He was therefore charged with constructive notice of plaintiff's mortgage, and bought subject thereto. It would have been entirely different had he dealt alone with the Development Company in ignorance of Wenzel's rights. In such event § 5042, supra, would have afforded him protection, but under the facts it can have no application.

As said in 1 Jones on Mortgages, § 476: "The registry of a conveyance of an equitable title is notice to a subsequent purchaser of the same interest or title from the same grantor. . . . The record of a mortgage or other conveyance which is entitled to be recorded operates as constructive notice to subsequent purchasers claiming under the same grantor, or through one who is the common source of title,"— citing Edwards v. McKernan, 55 Mich. 520, 526, 22 N. W. 20. See also Jones v. Lapham, 15 Kan. 540, wherein Judge Brewer, while on the supreme bench of Kansas, in speaking to the point, said: "As to Maggie Murray, it appears that she had knowledge of the equitable interest, but not of the mortgage. Hull, however, was in possession of the lots, and had made valuable improvements on them. These improvements she bought. Now, § 20 of the conveyance act (Gen. Stat. 187) provides that 'every such instrument in writing [and this, by prior description, includes mortgages, and mortgages upon equitable interests] shall, from the time of filing the same with the register of deeds for record, impart notice to all persons of the contents thereof; and all subsequent purchasers and mortgages shall be deemed to purchase with notice.' While this general provision, as respects notice, may be limited, so far as relates to conveyances or mortgages of equitable interests, by the condition of the legal title, and the knowledge which

the holders thereof have of the existence of the equity, as indicated in Kirkwood v. Koester, 11 Kan. 471, yet, aside from that limitation, it is of controlling force. Whoever buys a legal estate, having knowledge of an outstanding equitable interest, is chargeable with notice of any record of conveyance or encumbrance thereof. Whoever buys an equitable interest in land is also chargeable with like notice. In fact, knowledge of an equitable interest carries with it notice of the condition of such interest as is apparent from the public records." We understand that the rule thus stated by Judge Brewer is generally recognized and well established, and we do not think that such rule is changed in this state by chapter 167, Laws of 1899, heretofore referred to.

We do not think there is any merit in appellant's last contention, to the effect that the contract under which Wenzel occupied the land in express terms prohibited any assignment thereof without the vendor's consent, and that such a stipulation is valid, and a violation thereof confers no rights on the assignee. The vendor, the Dakota Development Company, is not here urging any such question, and certainly Krupp, who dealt with Wenzel in recognition of his equitable interest, cannot be heard to raise such question.

We think it clear that Krupp purchased with constructive notice of plaintiff's mortgage, and that, therefore, the district court did not err in its conclusions and judgment in plaintiff's favor.

We think the judgment appealed from is correct, except in one particular. Such judgment in effect decrees that plaintiff's mortgage covers not only the equities held by the mortgagor, Wenzel, but also the interests purchased by Krupp from the Development Company. Clearly this cannot be true. Wenzel, of course, could hypothecate nothing that he did not own. The interest of the Development Company consisted of the legal title held in trust as security for the payment of the remainder due it on the purchase price. To the extent of such interest the Development Company manifestly had rights superior to those of the mortgagee, and Krupp, by his purchase from such company, succeeded to such rights. Hence, the decree should recognize and protect these rights in some proper manner. It seems to us that a proper method for so doing would be to adjudge that out of the proceeds of the sale defendant Krupp be first paid or reimbursed the amount paid

by him to the Development Company as the balance remaining due on the purchase price, with interest thereon from the date of such payment.

The District Court will modify its judgment accordingly, and as thus modified the judgment is affirmed. No costs shall be taxed to either party on the appeal.