EDMUND A. BATTERSBY, Floyd W. Horton, and A. C. Haworth, Respondents, v. W. D. GILLESPIE, Appellant.

(222 N. W. 480.)

Opinion filed December 17, 1928.

*Bergesen & Haakenstad,* for appellant.

*J. E. Hendrickson* and *Lovell & Horner,* for respondents.

Burke, J. On the 10th of September, 1924, Benton O. Horton and Belle Horton executed and delivered to Edmund A. Battersby and A. C. Haworth a contract for a deed to all the east 58 feet of the west 108 feet of lots 1 and 2, block 2 of Darling's addition to the city of Fargo, and the said Edmund A. Battersby and A. C. Haworth immediately, on the delivery of said contract, entered into possession of said property and continuously lived thereon up until the trial of this action. On the 19th day of February, 1925, Benton O. Horton and Belle Horton executed and delivered an assignment of the said contract for a deed to one Floyd W. Horton, who was continuously the owner of said contract up until the time of the trial of this action; that the said contract for a deed was duly filed for record on the 22nd day of July, 1926, and there was due and remaining unpaid on said contract, at the time of the institution of this action the sum of $450. The assignment of the said contract for a deed was made upon the instrument and was recorded on July 22, 1926. The said premises had been the home and homestead of Benton O. Horton and Belle Horton, his wife, but they had moved permanently from the state prior to the execution of the contract for a deed.

On the 7th day of July, 1925, the defendant, W. D. Gillespie, ob-

tained a judgment against B. O. Horton, for the sum of $368.91, a transcript of which judgment was filed in the office of the clerk of the district court of Cass county, and the said judgment was docketed and entered in the judgment record on the 7th day of July, 1925. On the 26th day of May, 1926, execution was issued on said judgment and on the back thereof there appears the following indorsement: "Received the within execution this 27th day of May, A. D., 1926, at 10 o'clock A. M. John C. Ross, sheriff of Cass county, By H. H. Vowles, Deputy." The certificate of return on the back is not all filled out nor is it signed, but there is an indorsement thereon as follows: "No personal property found." The sheriff's return shows that levy was made on the 27th day of May, 1926, and after diligent search and inquiry as required by law, he found no personal property of the defendant B. O. Horton, whereby this execution could be satisfied in whole or in any part, and he thereupon made an indorsement on said execution to the effect, to wit: "No Personal Property Found," and on the 27th day of July, 1926, he levied upon and seized the following described real estate, situated in the county of Cass, in the state of North Dakota, to wit: The east 58 feet of the west 108 feet of lots 1 and 2, in block 2, of Darling's addition to the city of Fargo, the property of the said defendant, B. O. Horton.

On the 23rd day of July, 1926, a third party claim was duly served upon the sheriff in behalf of Floyd W. Horton, who claimed to be the owner of the contract for a deed. The property levied upon was duly advertised for sale on execution and on the 23rd day of July, 1926, at the hour of 2 o'clock P. M., the said property was sold by the sheriff, who made his return on the 23rd day of July, 1926. The property was bid in at the sale by the defendant, W. D. Gillespie, for $400.

The plaintiffs brought this action to determine adverse claims and the defendant answered claiming under the sheriff's certificate of sale, the facts being all stipulated. The trial judge made findings that the plaintiffs Battersby and Haworth are the owners of the real property involved and that Floyd W. Horton had an estate, interest and lien on said real estate; that Benton O. Horton and Belle Horton lived upon said premises until on or about the first day of August, 1924, when they moved permanently from the state; that they executed a contract for a deed on September 10th, 1924, to the plaintiffs Battersby and

Haworth, who entered into the possession of said premises and lived upon it up until the time of the trial; that on the 19th day of February, 1925, for a good and valuable consideration Benton O. Horton and Belle Horton assigned the contract for a deed to said premises to Floyd W. Horton, and that Floyd W. Horton was continuously the owner of the contract up until the time of the trial; that the contract and assignment were recorded July 22, 1926; that Benton O. Horton had no interest in the premises after the 19th day of February, 1925, and that it appears from the certified copy of the execution that the required statutory indorsement on the warrant of "No personal property found" was not complied with, there being no such indorsement made or signed by the sheriff of Cass county; that W. D. Gillespie did not acquire any right, title or interest in said premises and as a conclusion of law, that the plaintiffs are entitled to a judgment quieting title in the plaintiffs to the said premises. From a judgment entered thereon the defendant appeals.

There is a motion for a dismissal of the appeal upon the ground that the judgment has been paid and satisfied. There are a number of affidavits filed in relation to the payment and satisfaction of the judgment but it is clear from the affidavits that if paid it was without the knowledge or consent of the defendant Gillespie and his attorneys, who had nothing whatever to do with the payment and satisfaction of the judgment, nor have they in any way approved of it. It follows as a matter of course that the defendant cannot be deprived of his day in court by what some outsider does without his consent or approval and the motion for a dismissal of the appeal must be and is overruled.

We have carefully examined the execution to determine in what respect it does not comply with § 7722, Comp. Laws 1913, which provides: "When an execution is delivered to any officer, he must indorse thereon the day and hour when he received it and must proceed to execute the same with diligence; and if executed, an exact description of the property at length with the date of the levy, sale or other act done by virtue thereof must be indorsed upon or appended to the execution; and if the writ was not executed or executed in part only, the reason in such case must be stated in the return. If no personal property is found an indorsement to that effect must be made on the writ before levy is made on real property."

The date and hour when the sheriff received the execution is indorsed in the proper place on the back and signed John C. Ross, sheriff of Cass county, by H. H. Vowles, deputy. There is a blank certificate for a return also on the back of the execution which was not filled out but there is indorsed thereon "No personal property found." The statute says if no personal property is found an indorsement to that effect must be made on the writ before levy is made on real property. The indorsement is made on the writ and while it is undated, the court will assume as a matter of course the officer did his duty and made the indorsement before he levied on any real property.

The provision of the statute, viz.: "and if executed, an exact description of the property at length with the date of the levy, sale or other act done by virtue thereof must be indorsed upon or appended to the execution," of course, contemplates the return of the sheriff after sale and while there is no such indorsement on the writ itself, there is a notice of levy, the sheriff's sale notice, affidavit of publication and sheriff's return, attached to the execution, and the sheriff's return contains in detail all information that the statute requires, on the completed execution. First Nat. Bank v. Black Hills Fair Asso. 2 S. D. 145, 48 N. W. 852.

According to the stipulation of facts, Benton O. Horton and family, prior to August 1, 1924, permanently removed from the state of North Dakota, and neither he, nor his family, ever returned to the state. There is no evidence that Benton O. Horton left any personal property in the state of North Dakota, and no claim that he had any personal property in the state upon which the sheriff could have levied, and he is not a party to this action.

It is the contention of the respondents that the sale is void because the sheriff did not write his (the sheriff's) name under the indorsement: "No personal property found" on the writ. Freeman on Executions, § 279, p. 1584, states:

"It seems to be sufficient to sustain a levy upon realty that the officer making it did not, at the time, know of any sufficient personal property belonging to defendant, though such defendant had not been seen and inquired of for the purpose of obtaining information upon this subject." Collins v. Ritchie, 31 Kan. 371, 2 Pac. 623; Stancill

v. Branch, 61 N. C. (Phill. L.) 306, 93 Am. Dec. 592; Sullenger v. Buck, 22 Kan. 28.

"The requirements of the law that personal estate be first levied upon is directory merely. The officer may refuse to comply with it. He may seize real estate unnecessarily. The defendant may, in that event, recover damages for the injury sustained, or he may prevent the consummation of the officer's improper mode of proceeding by procuring an order of court vacating the levy. If, however, no action is taken to vacate the levy, it cannot be treated as void. On the contrary, the levy and the sale based thereupon will be sustained from collateral assault." Faris v. Banton, 6 J. J. Marsh. 235; Hayden v. Dunlap, 3 Bibb, 216; Beeler v. Bullitt, 3 A. K. Marsh. 280, 13 Am. Dec. 161; Jakobsen v. Wigen, 52 Minn. 6, 53 N. W. 1016; Wheeling, L. E. & P. Coal Co. v. First Nat. Bank, 55 Ohio St. 233, 45 N. E. 630; Den ex dem. McEntire v. Durham, 29 N. C. (7 Ired. L.) 151, 45 Am. Dec. 512; Lawrence v. Grambling, 13 S. C. 120; Odle v. Frost, 59 Tex. 684; Vilas v. Reynolds, 6 Wis. 210; Blasingame v. Wallace, — Ariz. —, 261 Pac. 42.

In Re Field Body Corp. 240 Mich. 28, 215 N. W. 6, the court said:

"There is a presumption that public officers do their duty, and, in the absence of proof to the contrary such presumption will sustain a levy upon land to satisfy the judgment." 23 C. J. 446.

10 R. C. L. 1245, § 37, states:

"It is only the execution creditor who can avail himself of an irregularity in the execution even by a proceeding instituted before sale is made."

The judgment debtor is not a party to this action and neither is it a direct proceeding attacking the execution. The plaintiffs are strangers to the judgment upon which the execution was issued and they cannot attack an irregularity in the execution proceedings in any manner, much less by a collateral proceeding.

The law, however, does not require the sheriff to sign his name to an indorsement on an execution. It specifically says that if no personal property is found an indorsement to that effect must be made on the writ before levy is made on real property. In obedience to this command, the sheriff indorsed on the writ: "No personal property found." This is, in effect, just what the statute requires. The indorsement was

made while the writ was in the hands of the sheriff. He states in his return specifically "that after diligent search and inquiry I can find no personal property of the defendant, B. O. Horton, whereby this execution could be satisfied in whole or in part and I thereupon made an indorsement upon said execution to that effect, to-wit: 'No personal property found.' "

Webster defines "indorsement" as follows: "To write upon the back or outside of (a paper or letter); to inscribe something, as a direction, heading, memorandum, or address, on the back of (a document);" "to write one's name, alone or with other words, on the back of (a paper)," etc. Words and Phrases states that "the ordinary meaning of the term 'indorsement' is something written on the back of an instrument like a deed or a note."

We are of the opinion that there was a very substantial compliance with § 7722 of the Compiled Laws of 1913.

This brings us to the real serious question in the case, to wit: Did Benton O. Horton have anything to levy upon at the time the levy was made? The legal title to the property was in him and he held it depending upon the payment to him of any balance due upon the contract, and when he sold and assigned his contract for a deed to Floyd W. Horton, he conveyed all of the right, title and interest he had in the property to Floyd W. Horton, so that at the time of the entry of Gillespie's judgment, Benton O. Horton had no interest whatever in the property which the defendant, Gillespie, could levy upon unless he was entitled to levy under the recording act. So far as this case is concerned, it may be conceded that all the parties were acting in good faith; that Benton O. Horton in good faith and for a valuable consideration sold and assigned his contract for a deed to Floyd W. Horton, and that Gillespie acquired his judgment against Benton O. Horton in good faith and for a just debt without any notice of the interest of Floyd W. Horton.

It is the contention of the defendant that he was entitled to levy on the premises for the reason that the record title of the premises was in Benton O. Horton. Section 5594, Comp. Laws 1913, provides:

"Every conveyance by deed, mortgage or otherwise, of real estate within this state, shall be recorded in the office of the register of deeds of the county where such real estate is situated, and every such con-

veyance not so recorded shall be void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate, or any part or portion thereof, whose conveyance, whether in the form of a warranty deed or deed of bargain and sale, deed of quit claim and release, of the form in common use or otherwise, is first duly recorded; or as against any attachment levied thereon or any judgment lawfully obtained, at the suit of any party against the person in whose name the title to such land appears of record, prior to the recording of such conveyance."

In the case at bar, the assignment of the contract for a deed was executed and delivered prior to the entry of defendant's judgment, but it was not recorded though subject to record.

Sections 5594 and 5595, Comp. Laws 1913 were enacted in 1903, being chapter 152, Sess. Laws 1903. They amended §§ 3594 and 3595 of the Revised Codes, relating to the recording of conveyance and the effect thereof and defining the term "conveyance."

Section 3595 of the Laws of 1895 reads as follows: "The term "conveyance" as used in the last section embraces every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged or incumbered or by which the title to any real property may be affected, except wills, executory contracts for the sale or purchase of real property and powers of attorney."

A contract for a deed of course would be an executory contract for the sale or purchase of real property and was specifically excluded from the recording act prior to 1903 at which time § 3595 was amended to read as follows: "The term 'conveyance,' as used in the last section, embraces every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged or encumbered, or by which the title to any real property may be affected, except wills, and powers of attorney."

It follows, of course, that a contract for a deed is a conveyance under the statutory definition and must be recorded to be effective as constructive notice.

Section 5546 provides that any instrument or judgment affecting the title or possession of real property may be recorded under this chapter, and it is well settled that a judgment lawfully obtained, docketed and entered as a judgment against the record owner by a

judgment creditor who has no actual knowledge or notice of an unrecorded conveyance is valid as against an unrecorded instrument affecting the title to such real estate. Enderlin Invest. Co. v. Nordhagen, 18 N. D. 517, 123 N. W. 390; Ildvedsen v. First State Bank, 24 N. D. 227, 139 N. W. 105; Mott v. Holbrook, 28 N. D. 251, 148 N. W. 1061; McCoy v. Davis, 38 N. D. 328, 164 N. W. 951.

The plaintiffs contend that the case of McKenzie County v. Casady, 55 N. D. 475, 214 N. W. 461, is a case in point, and that under this decision the plaintiffs' claim to the premises is superior to that of the defendant. There is a very clear distinction, however, between the Casady Case and the other cases cited. The Northern Town & Land Company gave Casady a contract for a deed to a lot of land. Casady being indebted to the bank and getting an additional advance of $2,000 assigned the contract for a deed to the bank as security. Casady fully performed the contract for a deed and the defendant, Northern Town & Land Company executed thirty deeds in blank as to the grantee, one for each separate block, and also two quitclaim deeds in blank as to the grantee. The deeds were mailed to Casady who delivered all of the deeds to the bank. The difference between this case and the case at bar is that the title to the land never was in Casady, and in the case at bar the legal title remained in Benton O. Horton until the contract and the assignment thereof was recorded which was after the judgment had become a lien upon the land. The priority of a judgment under the recording act depends upon its being against a debtor who held the legal title to the land when the judgment was obtained.

Section 5594, Comp. Laws 1913, supra, is again construed in the case of McKenzie Co. v. Casady, supra, and the court says: "We borrowed § 5594, Comp. Laws 1913, from the state of Minnesota, and the supreme court of that state has consistently held that this statute, so far as it refers to the priority of the liens of attachments and judgments, 'has exclusive reference to the title as it appears of record in the office of the register of deeds.'" Citing many Minnesota cases which need not be included herein.

It is stipulated by the parties, and the trial court found as a fact that the plaintiffs, Battersby and Haworth, at all times since the execution and delivery of the said contract for a deed, have been in open and exclusive possession and occupancy of the said real property and

premises. The possession of said property was notice to the world of every right or interest held by the plaintiffs, Battersby and Haworth. Krause v. Krause, 30 N. D. 54, 151 N. W. 991; Quaschneck v. Blodgett, 32 N. D. 603, 156 N. W. 216; Simonson v. Wenzel, 27 N. D. 638, L.R.A.1918C, 780, 147 N. W. 804; Somers v. Miller, 32 S. D. 133, 142 N. W. 174; Phillis v. Gross, 32 S. D. 438, 143 N. W. 373; Johnson v. Olberg, 32 S. D. 346, 143 N. W, 292; Huffman v. Cooley, 28 S. D. 475, 134 N. W. 39; Bliss v. Waterbury, 27 S. D. 429, 131 N. W. 731; Caldwell v. Pierson, 37 S. D. 546, 159 N. W. 124; 20 R. C. L. § 13.

It follows that the possession of Battersby and Haworth was notice of their rights under their contract of sale, and such rights are superior to the claims of all the world except the rights of the vendor under the contract of sale against the property for the purchase price of said property. The plaintiff, Floyd W. Horton could have protected himself by having the assignment of the contract of sale to him duly recorded, and the failure to record it left the title in Benton O. Horton and the rights of the parties are just the same as they would be if there never had been an assignment of the contract. The judgment of the defendant having been recorded before the assignment of the contract of sale, the contract is, under § 5594, Comp. Laws 1913, void as against the judgment and the defendant, Gillespie, under the execution sale obtained all the rights of Floyd W. Horton under the contract, subject to redemption as provided by law. 27 R. C. L. §§ 189 and 190 state:

"The legal title to the land being in the vendor, it is the general rule that a judgment recovered against him before the purchase money is paid may constitute a lien on his interest to the extent of the unpaid purchase money, which may be enforced as against the purchaser in possession to the extent of the unpaid purchase money. . . . Likewise under statutes subjecting land to sale on execution it is generally held that the vendor's interest may be sold on execution, and this will entitle the purchaser at the execution sale to receive payment of the unpaid purchase money. On principle the interest of the vendor to the extent of the unpaid purchase money would also be subject to attachment."

"Though the interest of the vendor is subject to the lien of a judgment recovered against him or liable to attachment or sale on execu-

tion, the rights of the judgment creditor are subordinate to the rights of the purchaser in possession under his contract of purchase."

Tiffany on Real Property, page 2783, § 670, states:

"In a very considerable number of states, however, the recording acts specifically protect creditors as well as purchasers, and in such states the judgment lien will take precedence of a previous unrecorded conveyance provided, usually, the creditor did not have notice thereof at the time of the acquisition of the lien."

Section 5594, Comp. Laws 1913 places judgments lawfully obtained in the same class with subsequent purchasers in good faith and for a valuable consideration. McCoy v. Davis, 38 N. D. 328, 164 N. W. 951; Majewski v. Greenberg, — N. J. Eq. —, 136 Atl. 749; H. C. Tack Co. v. Ayers, 56 N. J. Eq. 56, 38 Atl. 194.

The service of notice of claim of third party against the sheriff after the judgment was entered and docketed was of course without avail for the reasons that the rights of the parties had already become fixed under the statute. It follows that the defendant Gillespie having, by reason of purchase at the execution sale, acquired the interest of the vendor and his assignee, Floyd W. Horton, he has an interest in the east 58 feet of the west 108 feet of lots 1 and 2, in block 2 of Darling's addition to the city of Fargo, for the amount due and unpaid on the contract at the time of the trial, which is admitted to be $450, and upon the payment of the amount due on said contract and according to the terms thereof to the defendant by the plaintiffs Battersby and Haworth, it is ordered that title to said property be quieted in the said plaintiffs Battersby and Haworth, and as thus modified, the judgment is affirmed.

NUESSLE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.