J. N. McKINDLEY and Citizens Bank of Lisbon, North Dakota, a Corporation, v. CITIZENS STATE BANK OF EDGELEY, NORTH DAKOTA, a Corporation.

(161 N. W. 601.)

**Sale of land — executory contract — conversion of — damages — measure of — detriment caused — compensation.**

1. The measure of damages for the conversion of an executory contract for the sale of land is the amount which will compensate the owner for all detriment approximately caused thereby.

**Written instrument — value of — property covered — owner entitled to — presumption — statute — not applicable.**

2. Section 7180, Compiled Laws, which provides that the value of a written instrument is presumed to be that of the property to which it entitles the owner, has no application to executory contracts for the sale of land.

Opinion filed January 15, 1917.

From a judgment of the District Court of Ransom County, *Allen, J.,* defendant appeals.

Reversed.

*Lawrence & Murphy,* for appellant.

The action is one in conversion. The complaint proceeds upon no other theory, but expressly alleges the conversion of the instruments referred to, to the use and benefit of defendant. This is not an action as for a breach of an original contract, and while the forms of action have been largely abolished, the rules of evidence and the measure of damages are very different in the two classes of cases. Phelps, D. & P. Co. v. Halsell, 11 Okla. 1, 65 Pac. 340.

The prayer for relief was for a conversion, and the judgment rendered was in conformity with the prayer, rather than with the allegations and the evidence. Aylesbury Mercantile Co. v. Fitch, 22 Okla. 475, 23 L.R.A.(N.S.) 577, 99 Pac. 1089; Taugher v. Northern P. R. Co. 21 N. D. 111, 129 N. W. 750.

"A mere detention of another's chattels which rightfully came into one's possession is not an actual conversion." 38 Cyc. 2008, 2028, and cases cited in note 54.

There are no essential elements of conversion in this case.

"When the relation of the parties is that of debtor and creditor, trover will not lie." Jordan v. Lindsay, 132 Ala. 567, 31 So. 484; Muskegon Boom Co. v. Hendricks, 89 Mich. 172, 50 N. W. 799; Borland v. Stokes, 120 Pa. 278, 14 Atl. 61.

And where the owner expressly or impliedly assents to, or ratifies, the taking, use, or disposition of his property, he cannot recover for a conversion thereof. 38 Cyc. 2009; Locke v. Reeves, 116 Ala. 590, 22 So. 850; Booker v. Jones, 55 Ala. 266; Sigel-Campion Live Stock Co. v. Holly, 44 Colo. 580, 101 Pac. 68; Robinson v. Hartridge, 13 Fla. 501; Haynes v. Kettenbach Co. 11 Idaho, 73, 81 Pac. 114; Austin v. McMains, 14 Ind. App. 514, 43 N. E. 141; Doyle v. Burns, 123 Iowa, 488, 99 N. W. 195; Wood v. Worthington, 4 J. J. Marsh. 174; Laciano v. Flaspoller, 35 La. Ann. 1191; Lowery v. Lavillebeuvre, 14 La. 55; Hills v. Snell, 104 Mass. 173, 6 Am. Rep. 216; Leonard v. Tidd, 3 Met. 6; Mann v. Lamb, 83 Minn. 14, 85 N. W. 827; Griffin v. Bristle, 39 Minn. 456, 40 N. W. 523; Tousley v. Board of Education, 39 Minn. 419, 40 N. W. 509; Freeman v. Etter, 21 Minn. 2; Chase v. Blaisdell, 4 Minn. 90, Gil. 60; Powers v. Klinzie, 15 Mont. 177, 38 Pac. 833; Carlson v. Jordan, 4 Neb. (Unof.) 359, 93 N. W. 1130; Hill v. Covell, 1 N. Y. 522; Ransom v. Wetmore, 39 Barb.

104; Gruard v. O'Reilly, 32 Misc. 710, 65 N. Y. Supp. 511; Martin v. Megargee, 212 Pa. 558, 61 Atl. 1023; Parker v. Oakley, — Tenn. —, 57 S. W. 426; Houston, E. & W. T. R. Co. v. Garrison, — Tex. Civ. App. —, 37 S. W. 971; Downer v. Rowell, 24 Vt. 343; Knapp v. Winchester, 11 Vt. 351; S. A. Woods Mach. Co. v. Woodcock, 43 Wash. 317, 86 Pac. 570; Wilson v. MacNab, 21 U. C. Q. B. 493; Taugher v. Northern P. R. Co. 21 N. D. 111, 129 N. W. 750; Aylesbury Mercantile Co. v. Fitch, 22 Okla. 475, 23 L.R.A.(N.S.) 574, 99 Pac. 1089; Smith v. American Nat. Bank, 32 C. C. A. 368, 60 U. S. App. 431, 89 Fed. 832; Link v. Jarvis, 5 Cal. Unrep. 750, 33 Pac. 206; McDermott v. Morris Canal & Bkg. Co. 38 N. J. L. 53.

A suit to recover damages on a contract under seal, or to enforce payment of compensation for the exercise of privileges granted by deed, the gravamen being that the defendant has not performed the duties required of him by the sealed instrument, must be covenant, and not case. Jones v. Clark, 45 N. J. L. 437; Treadwell v. Tillis, 108 Ala. 262, 18 So. 886; Whitcomb v. Hungerford, 42 Barb. 177; Central Gas & E. Fixture Co. v. Sheridan, 1 Misc. 386, 22 N. Y. Supp. 76; Zrskowski v. Mach, 15 Misc. 234, 36 N. Y. Supp. 421; Link v. Jarvis, 5 Cal. Unrep. 750, 33 Pac. 207; Borland v. Stokes, 120 Pa. 278, 14 Atl. 61; Davis v. Thompson, 10 Sadler (Pa.) 563, 14 Atl. 169; Kinney v. South & North Ala. R. Co. 82 Ala. 368, 3 So. 113; Union Stock Yard & Transit Co. v. Mallory, Son & Z. Co. 157 Ill. 554, 48 Am. St. Rep. 341, 41 N. E. 890; Grant v. Walsh, 36 Wash. 190, 78 Pac. 787; Frech v. Lewis, 218 Pa. 141, 11 L.R.A. (N.S.) 948, 120 Am. St. Rep. 864, 67 Atl. 45, 11 Ann. Cas. 547; Hull v. Caldwell, 3 S. D. 451, 54 N. W. 100; Stoneman v. Van Vechten, 46 App. Div. 370, 61 N. Y. Supp. 514.

There can be no judgment in a conversion action unless damages are shown. This is the basis of the action. It is the only reason why this form of action is permitted. 38 Cyc. 3808.

Proof of the value of the land, to which certain documents relate, and which documents, it is alleged, were converted, is no proof of the value of such documents.

He who seeks to recover in trover must prove that he was in actual possession of the chattel converted at the time thereof, or that he had the right to the immediate possession, and if such right depends on a

property in the chattel, either general or special, he must also prove such property in himself as a fact. 38 Cyc. 2044.

Demand upon an innocent bailee without notice of a party's ownership is necessary before action. Towne v. St. Anthony & D. Elevator Co. 8 N. D. 200, 77 N. W. 608; Sanford v. Duluth & D. Elevator Co. 2 N. D. 6, 48 N. W. 434; First Nat. Bank v. Minneapolis & N. Elevator Co. 11 N. D. 280, 91 N. W. 436.

A thing of no value is not the subject of conversion. Hefner v. Fidler, 58 W. Va. 159, 3 L.R.A.(N.S.) 140, 112 Am. St. Rep. 961, 52 S. E. 513; Donohue v. Henry, 4 E. D. Smith, 162.

"The mere retention of possession of a certificate of stock belonging to another, which came to the possessor rightfully, does not constitute a conversion of either the stock or certificate." Cummins v. People's Bldg. L. & Sav. Asso. 61 Neb. 728, 86 N. W. 474.

Title to or a right in property must be united with possession or right of possession. 38 Cyc. 2045.

"As trover will not lie for a record, it will not lie for a judgment." 38 Cyc. 2014; Platt v. Potts, 33 N. C. (11 Ired. L.) 266, 53 Am. Dec. 412; Cobb v. Cornegay, 28 N. C. (6 Ired. L.) 358, 45 Am. Dec. 497, overruling Hudspeth v. Wilson, 13 N. C. (2 Dev. L.) 372, 21 Am. Dec. 344.

Separate causes of action must be separately stated in pleading. Swedish American Nat. Bank v. Dickinson Co. 6 N. D. 222, 49 L.R.A. 285, 69 N. W. 455; Mares v. Wormington, 8 N. D. 329, 79 N. W. 441.

A cause of action in favor of the husband or of the wife alone cannot be joined with one in favor of the husband and wife, nor can actions by the husband and wife in their separate rights be joined. 23 Cyc. 425.

Where a joint suit is brought against a number of defendants, if the evidence shows that one of the parties was not connected with the tort, a verdict of nonsuit as to him is proper. Wiest v. Electric Traction Co. (Wiest v. Philadelphia) 200 Pa. 148, 58 L.R.A. 668, 49 Atl. 891.

"Where the effect of the transaction is such that the contract is made with the agent, not as agent, but as principal, and as the only principal, the agent alone may sue." 2 Mechem, Agency, § 2027; Hamburg-Bremen F. Ins. Co. v. Lewis, 4 App. D. C. 66; Peppler v. Ratz, 38 Mich. 96; King v. MacKellar, 94 N. Y. 317; Parsons v.

Phelan, 134 Mass. 109; Thornton v. Stevenson, — Tex. Civ. App.
—, 31 S. W. 232; Ausk v. Great Northern R. Co. 10 N. D. 215, 86
N. W. 719.

The allegations and the proof must correspond, and the relationship
must be preserved. Central R. & Bkg. Co. v. Tucker, 79 Ga. 128, 4
S. E. 5; Witzler v. Collins, 70 Me. 290, 35 Am. Rep. 327; Denver
& R. G. R. Co. v. Cahill, 8 Colo. App. 158, 45 Pac. 285; Mann v. Birch-
ard, 40 Vt. 326, 94 Am. Dec. 398; 2 Greenl. Ev. § 210, and cases
there cited; Rome R. Co. v. Sullivan, 25 Ga. 228; Woodward v.
Northern P. R. Co. 16 N. D. 40, 111 N. W. 627.

*Curtis & Curtis (Stearns & Hunter, of counsel)*, for respondents.

"A defendant in trover whose possession was rightful may always
show that he delivered the property to the true owner." 38 Cyc. 2063;
5 Cyc. 173, 174.

Where papers are left with one person by the mutual agreement of
those interested, or by one with positive instructions as to delivery, and
time is of the essence of the transaction as to delivery, the papers may
be returned after the date agreed upon, if the terms are not complied
with. Bodwell v. Webster, 13 Pick. 411; Hayden v. Meeks, — Ark.
—, 14 S. W. 864.

In the case of a complete escrow the rule is the same. Hall v.
Yaryan, 25 Idaho, 470, 138 Pac. 339; Equity Gaslight Co. v. McKeige,
139 N. Y. 237, 34 N. E. 898.

The finding of the trial court that the papers were sent to the Lisbon
Bank as agent cannot be overturned without a showing that it is opposed
to a preponderance of the evidence. 2 C. J. 939, § 694; State Bank
v. Maier, 34 N. D. 259, 158 N. W. 346.

"A bailment may be defined as a delivery of personalty for some
particular purpose or upon mere deposit, upon a contract, express or
implied, that after the purpose has been fulfilled, it shall be redelivered
to the person who delivered it, or otherwise dealt with according to
his instructions." 5 Cyc. 161, 165, 166.

"A tort may be distinguished from a breach of contract in that the
right of action in the latter case arises out of the agreement of the
parties, whereas the right of action for a tort arises out of a duty fixed
by law, and independent of the will of the parties." 28 Am. & Eng.

Enc. Law, 2d ed. 255; Lewis v. Hoover, 1 J. J. Marsh. 500, 19 Am. Dec. 120; Packard v. Getman, 4 Wend. 613, 21 Am. Dec. 166.

Every breach of a contract by actual and positive misconduct is a conversion. Wheelock v. Wheelwright, 5 Mass. 104, 1 Am. Neg. Cas. 659; Story, Bailm. §§ 232, 269, 396, 413; Phillips v. Brigham, 26 Ga. 617, 71 Am. Dec. 227.

A mere interference with the terms of a contract, whereby the contract is broken, is concededly not enough. There must be some positive, wrongful, tortious act, such as the Edgeley Bank here did. Then conversion lies. Taugher v. Northern P. R. Co. 21 N. D. 111, 129 N. W. 750.

The misdelivery of papers where a positive wrong is shown, as in this case, is conversion. Nelson v. King, 25 Tex. 656.

General ownership draws to it the right of possession, and this constructive possession is sufficient. Jaggard, Torts, p. 711; Hahn v. Sleepy Eye Mill. Co. 21 S. D. 324, 112 N. W. 843; Nash v. Brewster 39 Minn. 530, 2 L.R.A. 409, 41 N. W. 105; Adams v. Castle, 64 Minn. 505, 67 N. W. 637; Goodrow v. Buckley, 70 Mich. 513, 38 N. W. 454; Breault v. Merrill & R. Lumber Co. 72 Minn. 143, 75 N. W. 122.

Where it is clear that a demand would have been unavailing, none is necessary. Farrand v. Hurlbut, 7 Minn. 477, Gil. 383; Hennes v. Charles Hebard & Sons, 169 Mich. 670, 135 N. W. 1037; Hahn v. Sleepy Eye Mill Co. 21 S. D. 324, 112 N. W. 843; More v. Burger, 15 N. D. 345, 107 N. W. 200; Adams v. Castle, 64 Minn. 505, 67 N. W. 637.

"Any use or disposition of a thing without the consent of the owner, or any misuse or abuse of a possession obtained with his consent, is an actionable conversion." 38 Cyc. 2026; McDonald v. Bayha, 93 Minn. 139, 100 N. W. 679; State v. Omaha Nat. Bank, 59 Neb. 483, 81 N. W. 319; Swift v. Moseley, 10 Vt. 208, 33 Am. Dec. 197; 5 Cyc. 204, 207, 214; Willard v. Monarch Elevator Co. 10 N. D. 400, 87 N. W. 996; Liptrot v. Holmes, 1 Ga. 381; Cooley, Torts, 448.

Where a third person obtained property from plaintiff by a written order and thereafter sold to defendant, the sale was without authority and sufficient evidence of conversion. Owen v. Long, 97 Wis. 78, 72 N. W. 364.

So with the wrongful delivery of an escrow. Riggs v. Trees, 120

Ind. 402, 5 L.R.A. 696, 22 N. E. 254; Citizens Nat. Bank v. Davisson,. 229 U. S. 212, 57 L. ed. 1153, 33 Sup. Ct. Rep. 625; Hall v. Boston & W. R. Corp. 14 Allen, 439, 92 Am. Dec. 783.

Trover or detinue lies for a note against the bailee of same, and plaintiff may either have action in contract or trover. Hubbell v. Blandy, 87 Mich. 209, 24 Am. St. Rep. 154, 49 N. W. 502; Lewis: v. Hoover, 1 J. J. Marsh. 500, 19 Am. Dec. 120; McCurdy v. Wallblom. Furniture & Carpet Co. 94 Minn. 326, 102 N. W. 873, 3 Ann. Cas. 468; Sutton v. Great Northern R. Co. 99 Minn. 376, 109 N. W. 815.

Where an agent receives in escrow a note and check to be delivered upon positive conditions, but disobeys and delivers contrary to such conditions, he is liable as for conversion. Barrett v. Messer, 115 Minn. 476, 132 N. W. 991.

Sustaining the same doctrine. Keeler v. Fassett, 21 Vt. 539, 52 Am. Dec. 71; Wilson v. Rybolt, 17 Ind. 391, 79 Am. Dec. 486; Weiser v. Zeisinger, 2 Yeates, 537; Towle v. Lovet, 6 Mass. 394; Hazewell v.. Coursen, 13 Jones & S. 221, 81 N. Y. 630; Caywood v. Van Ness,. 74 Hun, 28, 26 N. Y. Supp. 379; Barber v. Hathaway, 47 App. Div.. 165, 62 N. Y. Supp. 329; Howard v. Seattle Nat. Bank, 10 Wash. 280, 38 Pac. 1040, 39 Pac. 100; Gleason v. Owen, 35 Vt. 590; Smith: v. Thompson, 94 Mich. 381, 54 N. W. 168; Story v. Gammell, 68 Neb. 709, 94 N. W. 982; Canadian Bank of Commerce v. McCrea, 106 Ill.. 281; Rogers v. Crombie, 4 Me. 274; Bachmann-Bechtel Brewing Co.. v. Gehl, 154 App. Div. 849, 139 N. Y. Supp. 807; Jaffe v. Pacific Brewing & Malting Co. 69 Wash. 308, 124 Pac. 1122; Hayes v.. Massachusetts Mut. L. Ins. Co. 125 Ill. 626, 1 L.R.A. 303, 18 N. E. 322; Vaughn v. Wright, 139 Ga. 736, 45 L.R.A.(N.S.) 785, 78 S. E. 123, Ann. Cas. 1914B, 821; Clowes v. Hawley, 12 Johns. 484; Drake· v. Auerbach, 37 Minn. 505, 35 N. W. 367; Bradley v. Gamelle, 7 Minn. 331, Gil. 260; Nelson v. King, 25 Tex. 656; Wegner v. Second Ward Sav. Bank, 76 Wis. 242, 44 N. W. 1096; Olds v. Chicago Open Bd. of Trade, 33 Ill. App. 445.

Trover may be maintained for every species of personal property which is the subject of private ownership. State v. Omaha Nat. Bank, 59 Neb. 483, 81 N. W. 319.

The holder as security of a qualified or special interest may bring conversion. 38 Cyc. 2051, 2054, 2090; Carson v. Hanawalt, 50 Ind..

App. 409, 98 N. E. 448; Fitzhugh v. Wiman, 9 N. Y. 559; Einstein v. Dunn, 61 App. Div. 191, 70 N. Y. Supp. 520, 171 N. Y. 648, 63 N. E. 1116; Cooley, Torts, 1880 ed. p. 447; Guttner v. Pacific Steam Whaling Co. 96 Fed. 617.

In this case, as against any stranger to the title to the lands involved, plaintiff McKindley was entitled to recover the full value. Clowes v. Hawley, 12 Johns. 484; Canadian Bank of Commerce v. McCrea, 106 Ill. 281; Tahedl v. Woodford Distilling Co. 176 Ill. App. 173; Bradley v. Gamelle, 7 Minn. 331, Gil. 260; Connor v. Hillier, 11 Rich. L. 193, 73 Am. Dec. 105; Parry v. Frame, 2 Bos. & P. 451, 127 Eng. Reprint, 1379, 5 Revised Rep. 651; Nelson v. King, 25 Tex. 656.

The analogous rule relative to instruments calling for money is that plaintiff is entitled to recover such sum as might have been recovered on the instruments. 38 Cyc. 2097; Grigsby v. Day, 9 S. D. 585, 70 N. W. 881.

There was no duty on plaintiff to follow the property or resort to legal proceedings against others than the one who converted his property. Johnson v. Dun, 75 Minn. 533, 78 N. W. 98; Grigsby v. Day, supra.

As to misjoinder of causes, unless the objection is raised by demurrer, it is waived and cannot be raised at the trial. Campbell v. Railway Transfer Co. 95 Minn. 375, 104 N. W. 547.

An action may be dismissed as to one of two joint plaintiffs, but this does not necessarily require its dismissal as to others. Comp. Laws 1913, § 7679; North Star Boot & Shoe Co. v. Stebbins, 3 S. D. 546, 54 N. W. 593; Merchants Nat. Bank v. Stebbins, 15 S. D. 288, 89 N. W. 674; Hahn v. Sleepy Eye Mill. Co. 21 S. D. 324, 112 N. W. 843; Bardwell-Robinson Co. v. Brown, 57 Minn. 140, 58 N. W. 872.

The statute of this state has changed the common-law rule, and here, as well as in other jurisdictions having the same or a like statute, several parties may join as plaintiffs or defendants, and if the trial develops the fact that any one or more of other plaintiffs or defendants is improperly joined, the action should be dismissed as to them, and a judgment entered for the remaining plaintiffs or defendants as the case may be. Gillespie v. Gouly, 152 Cal. 643, 93 Pac. 856; Roberts v. Hall, 147 Cal. 434, 82 Pac. 66; Nicodemus v. Simons, 121 Ind. 564, 23 N. E. 521; Louisville, N. A. & C. R. Co. v. Lange, 13 Ind. App.

337, 41 N. E. 609; Mississinewa Min. Co. v. Andrews, 22 Ind. App. 523, 54 N. E. 146; Reyer v. Blaisdell, 26 Colo. App. 387, 143 Pac. 385; Wiesner v. Young, 50 Minn. 21, 52 N. W. 390; Palmer v. Davis, 28 N. Y. 246; Calkins v. Smith, 48 N. Y. 614, 8 Am. Rep. 575; Chambovet v. Cagney, 3 Jones & S. 474; Jackson v. Byrne, 130 App. Div. 364, 114 N. Y. Supp. 888; Hinckle v. Riffert, 6 Pa. 196; Toole v. Johnson, 61 S. C. 34, 39 S. E. 254; Ward v. Gibbs, 10 Tex. Civ. App. 287, 30 S. W. 1125.

Errors or defects in pleadings not affecting substantial rights shall be disregarded by the courts. Comp. Laws 1913, §§ 7485, 7679.

The right of the trial court to amend being shown, the appellate court will sustain the judgment treating the complaint as amended. Ashe v. Beasley, 6 N. D. 200; Forcy v. Leonard, 63 Wis. 353; Adams v. Castle, 64 Minn. 505, 67 N. W. 637.

No agency on the part of the Lisbon Bank is pleaded because none was necessary. 2 C. J. 904; Rickel v. Sherman, 34 N. D. 298, 158 N. W. 266.

CHRISTIANSON, J. The plaintiff McKindley is the owner of a judgment against Frederick Milling Company and A. H. White, rendered August 7, 1911, in Hennepin county, Minnesota, for $6,384. As collateral to the indebtedness merged in the judgment, plaintiff held two executory contracts for the purchase of certain lands in Nebraska, executed by the Union Pacific Railway Company to one Swallow, and transferred to the plaintiff McKindley from a subsequent assignee by an assignment in blank. McKindley subsequently instituted suit upon this judgment in the district court of La Moure county in this state, and such action was awaiting trial at the February, 1914, term of said court. For the purpose of compromising the indebtedness evidenced by the judgment and certain advances made on the collateral contracts, a written agreement, dated January 28, 1914, was entered into between said McKindley as party of the first part, Dakota Grain Company as party of the second part, and A. H. White as party of the third part, under the terms of which McKindley agreed that the proceedings in the action pending in the district court of La Moure county be stayed for a period of ninety days, and that upon the payment to him of the sum of $7,600 he would dismiss said action without costs,

and assign to the said Dakota Grain Company the contracts for the Nebraska land, and the judgment in the district court of Hennepin county, Minnesota; the Dakota Grain Company agreed to pay such sum of $7,600 on or before the ninety days after the date of the contract, and the said White and Dakota Grain Company agreed that the Frederick Milling Company and White would default or confess judgment in the action pending in the district court of La Moure county, and that in case said sum of $7,600 was not paid within ninety days, that then judgment should go by confession or default against said Milling Company and White in the action pending in the district court of La Moure county.

It was further agreed that time should be of the essence of the contract, and that an assignment of the judgment and assignments of the Nebraska land contracts, together with said contracts, should be deposited with the Citizens Bank of Lisbon, North Dakota, to be held in escrow for a period of ninety days from the date of the agreement, and in case of payment of $7,600 before the expiration of such time, such papers should then be turned over to the party of the second part, but if the party of the second part failed to pay the money before or on said date, then in such case all of said papers were to be delivered to the party of the first part. The papers were subsequently delivered to and deposited with the Citizens Bank of Lisbon in escrow under the terms of this agreement. On June 17, 1914, the Citizens Bank of Lisbon, at the request of Curtis & Curtis, attorneys for the plaintiff bank, forwarded the papers to the defendant, Citizens State Bank of Edgeley, with the following instructions: "You will please deliver these papers to either A. H. White or Dakota Grain Company, upon the payment to you for us of $7,600, with interest at the rate of 6 per cent from April 28, 1914, upon the same,—this to be net to us. If this is not closed up on or before July 1, 1914, you will immediately return to us all of the above-mentioned papers." The papers were received by the defendant bank and receipt thereof acknowledged.

On June 19, 1914, the defendant bank wrote the forwarding bank that "we believe it impossible to make returns as early as July 1st, for the reason that the company is floating a bond of considerable amount, and we do not think it will be completed by that time so that the money will be forthcoming." The forwarding bank thereupon notified

the defendant bank that the time in which to collect or return the papers was extended until further notice. On October 19, 1914, the forwarding bank wrote the defendant, demanding that the papers or the cash be transmitted to it by October 19, 1914.

A. H. White and others formed a corporation known as the Interstate Investment & Holdings Company, and tentative arrangements were made with the Central Trust Company of Chicago, Illinois, to float a bond issue for the interstate Investment & Holdings Company, to be secured by various properties. And in connection with this matter, the defendant bank forwarded the papers involved herein to the Central Trust Company, to be delivered to the Interstate Investment & Holdings Company upon payment of the value fixed thereon. The proposed bond issue for some reason was never floated, and upon the trial it was stipulated as facts in the case "that the plaintiff McKindley at all of the times material in this action set out in the complaint was aware of the formation of the Interstate Investment & Holdings Company, and that the interests of White in the lands described in the complaint were to be a part of the lands to be turned into the said Interstate Investment & Holdings Company, and used as security for said bond issue, and that said exhibits were subsequently deposited with the Central Trust Company of Illinois, who were to act as trustee in said bond issue, but which said bonds were not issued, and said exhibits are still in the possession of the Central Trust Company of Illinois, the same being done without the knowledge or consent of the plaintiff in this action."

It was further stipulated "that no change has been made in the record title of the lands in question, so far as the plaintiff or defendants know, and that the defendant has not entered into actual occupancy of any of the lands in question at any time, and that the instruments in question, and described in this complaint, have not been placed of record." And "that the defendants have not asserted or claimed title to any of said lands described in said exhibits."

It further appears from the stipulation of facts or the evidence in the case that the defendant demanded the papers from the Central Trust Company on December 2, 1914, and that the trust company asserts no title or ownership to the property, either for itself or as trustee, but denied possession of the same to the defendant upon the

sole ground that an attorney of Chicago had served notice upon the trust company that he claimed a lien thereon for work done in connection with said papers.

McKindley and the Citizens Bank of Lisbon, as joint plaintiffs, instituted this action against the defendant to recover damages in the sum of $10,000 for the alleged conversion of the papers. The defendant by its answer denied all the allegations of the complaint.

The cause was tried to the court without a jury, and resulted in findings of fact and conclusions of law awarding a judgment in favor of the plaintiff and against the defendant for the sum of $10,000 and costs, and dismissing the action in so far as the Citizens Bank of Lisbon is concerned. Judgment was entered pursuant to such findings and conclusions and defendant has appealed from the judgment.

(1) Under the laws of this state, every person who suffers detriment, i. e., loss or harm in person or property, may recover from the person in fault compensation therefor in money, which is called damages. Comp. Laws 1913 § 7139. The measure of damages for the breach of an obligation not arising from contract, except when otherwise expressly provided, is the amount which will compensate the party injured for all detriment *approximately* caused thereby. Comp. Laws, 1913, § 7165.

The detriment caused by the wrongful conversion of personal property is presumed to be:

1. The value of the property at the time of the conversion, with the interest from that time; or,

2. When the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; and,

3. A fair compensation for the time and money properly expended in pursuit of the property. Comp. Laws 1913, § 7168.

Among the questions raised by defendant on this appeal is the sufficiency of the evidence to sustain the court's finding that the instruments converted were of the value of $10,000.

Defendant's counsel contends that there is no proof whatever of the value of such instruments; that the title to the real estate described in such instruments was and still is in the plaintiff McKindley, and

that said real estate has never been delivered to or claimed by defendant, but is still in the possession of and occupied by plaintiff.

The only evidence upon which a finding as to damages could be predicated was the following testimony of the plaintiff McKindley:

Q. Have you made a computation as to whether or not the amounts you paid on the land contracts and taxes, together with the amount due upon the judgment, amount to more than the sum of $10,000?

A. Yes, sir.

Q. And state whether or not it does amount to more than $10,000?

A. It does.

Q. Are you acquainted with the value of these lands in controversy?

A. Somewhat, yes.

Q. What is the land worth per acre?

A. It is worth, as near as I would say, from $10 to $12 an acre.

Q. Your information is derived from parties living in the vicinity of the land, is it?

A. Yes, sir.

Q. And also from A. H. White, the party from whom you obtained the contracts?

A. Yes, sir.

No evidence was offered tending to show the value of the papers themselves, or the damages caused to plaintiff by reason of being deprived of such instruments. Plaintiff bases his claim wholly on the proposition that the instrument in question was equal in value to the property described therein.

(2) In support of this contention, plaintiff cites § 7180, Compiled Laws, which reads: "For the purpose of estimating damages the value of an instrument in writing is presumed to be equal to that of the property to which it entitles its owner."

It is contended that inasmuch as plaintiff testified that the land was worth $10,000, it must be presumed, under the provisions of the section quoted above, that the contracts converted were of an equal value.

The applicability of this section to certificates of national bank stock was considered by this court in Patterson. v. Plummer, 10 N. D. 95, 86 N. W. 111. The court said: "The section referred to is a common one. *So far as we have ascertained, it has been applied only to instru-*

*ments which upon their face entitle the holder to specific sums of money* *or specific property,* such as promissory notes, drafts, warrants, and mortgage debts. (Citation of authorities.) But even if the section is applicable to certificates of bank stock, it does not aid plaintiff's ·contention. As we have seen, it entitles the holder only to a shareholder's right, and to no specific property owned by the corporation." Obviously there is a great difference between certificates of bank stock and executory land contracts, and there is unquestionably more reason for applying it to the former than to the latter. The par value of stock in a national bank is fixed by the Federal statute at $100 per ·share, and the stock is deemed personal property and subject to sale and delivery as such. See 5 Fed. Stat. Anno. § 5139, and authorities cited in note.

The contracts involved in this action are merely evidence of plaintiff's interest in lands. The loss or destruction of these instruments would not affect his title, but merely his ability to prove it in the most convenient manner. A conversion of a conveyance of real property ·does not transfer title to the converter.

Sedgwick (Sedgw. Damages, 9th ed. ·§ 262) says: "The rule of ·damages in trover for title deeds has not been much discussed in the reports. There can be little doubt that in this country the ordinary rule of damages in trover would not apply, both because the judgment would not, as in actions for the conversion of goods, effect a transfer of the title to the defendant, and because the title of the plaintiff, if re-·corded, as is generally the case, would be unaffected by the conversion, ·and if not recorded, the deed would still be unavailable to the defendant, ·and the plaintiff can usually have redress in equity. Dixon, Ch. J., in delivering the opinion of the supreme court of Wisconsin, said: 'No case can be found, I think, where the recovery and satisfaction of ·a judgment in an action for the conversion of them (title deeds) have been adjudged to pass the legal title. I should think that in those ·cases where the title is unaffected, and the conduct of the defendant has not been fraudulent or oppressive, but where the deed or other written instrument was lost or destroyed through his mistake, negli-·gence, or slight omission, the more just rule of damages would be such ·sum as would recompense the plaintiff for any actual loss he may have ·sustained, and for his trouble and expenses in going into a court of

equity, or elsewhere, to establish and perpetuate the evidence of his title, with the costs of the action.'

"In England the case is different, since, owing to the absence of a registry system, the title deeds are the only evidence of title. The whole value of the land is therefore allowed to be recovered, but satisfaction of the judgment is entered on the roll, on the defendant delivering up the deeds and paying costs, as between attorney and client, and otherwise placing the plaintiff in as good a situation as before the cause of action arose." See also Sutherland, Damages, 4th ed. § 1134.

We are agreed that § 7180, Compiled Laws, has no application to executory contracts for the sale of land. Consequently, plaintiff has wholly failed to establish any facts upon which damages can be predicated under the laws of this state. The judgment appealed from is therefore reversed, and the cause remanded for further proceedings according to law.

## On Petition for Rehearing (filed March 3, 1917).

CHRISTIANSON, J. In a petition for rehearing plaintiffs assert that in our former opinion we overlooked the decisions of this court in Cummings v. Duncan, 22 N. D. 524, 134 N. W. 712, Ann. Cas. 1914B, 976, and Sox v. Miracle, 35 N. D. 458, 160 N. W. 716, wherein we held that a vendee in an executory land contract obtains at law no real property interest. A discussion of the nature and extent of a vendee's interest under such contract would be neither necessary nor profitable, but would be wholly immaterial in this case. The question here is what damages, if any, plaintiff has sustained by defendant's failure to return such contracts. Plaintiff contended that under our statute such damage is presumed to be the value of the land described in the contract. In our former opinion herein we held this contention to be unsound, and a careful reconsideration of this proposition only tends to confirm our former views.

A rehearing is denied.